## Industrial Trust Company, *Tr. vs.* Georgia L. Hall *et al.*

### FEBRUARY 28, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a suit begun by a bill in equity filed in the superior court by the trustee under the will of Ida E. Whitman, deceased, for the construction of certain parts of that will, and for answers to certain questions which are presented by them. These are the parts pertaining to the trust which is provided for in the will and which is mainly for the benefit of the respondent Georgia L. Hall, granddaughter of the testatrix. The other respondents are all the other persons and corporations having interests under the trust. None of the respondents is a minor.

A person was duly appointed by the superior court to represent the contingent interests of persons not in being or not ascertainable and filed an answer neither admitting nor denying the allegations of the bill, and submitting the rights and interests of such persons to the care and protection of the court. Decrees *pro confesso* were entered against five respondents who had not filed answers. The other respondents duly answered and a general replication was filed by the complainant.

In due course evidence was introduced in the superior court. When that was completed, the cause, being ready for hearing for final decree, was certified by that court to this court for determination in accordance with general laws 1938, chapter 545, § 7.

The will in question was duly executed by the testatrix on August 12, 1926, when her granddaughter, Georgia L. Hall, was a few days more than eight years old. The testatrix died on May 16, 1930, her husband having deceased in the meantime; and the will was admitted to probate in due course. Emma H. Bebby, named in the will as Emma Bebby, was duly appointed by the probate court as guardian of the person and estate of Georgia L. Hall, as provided in the will, and acted as such until her ward reached the age of twenty-one years on August 22, 1939. Georgia L. Hall is now mar-

ried. Hereafter, unless necessary to do otherwise, we shall refer to her as Georgia.

The will was drawn by a lawyer. We now set out its pertinent provisions in full, and briefly summarize all others. Clauses first, second and third are concerned with the payment of debts and funeral expenses, appointment of an executor and a guardian for Georgia. Clause fourth devises the entire estate of the testatrix to her husband, Albert H. Whitman, for and during the term of his natural life, "IN TRUST, for the benefit of my said grand-daughter, Georgia L. Hall, for like purposes and with the same powers, directions, provisions and conditions as those specified in the paragraph hereinafter numbered 'Sixth'; provided, however, that all property and the net accumulations thereof shall be kept intact until Georgia L. Hall's own estate shall be exhausted." Clause fifth gives the household furniture and furnishings to Georgia upon the death of testatrix's husband. Although clause fourth became inoperative because of the prior decease of testatrix's husband, it deserves consideration in ascertaining her intention, which alone controls our determination of the questions submitted to us in this cause.

Clause sixth, which is the only one of which a construction is sought in this cause, is as follows: "Upon the death of my said husband, Albert H. Whitman, I hereby give, devise and bequeath all the rest and residue of my estate, of whatever nature and kind and wheresoever situated and found, to the Industrial Trust Company, in trust, for the benefit of my grand-daughter, Georgia L. Hall; to invest and reinvest said trust estate in such securities as are legal for savings banks in the State of Rhode Island; to collect all interest income and dividends accruing from said trust estate; to make all repairs, alterations and improvements upon the real estate of said trust estate that may be in its judgment necessary and proper, to pay all taxes, assessments and charges upon said trust estate, including a reasonable compensation for

its own services; to pay all bills for the maintenance, support and education of said Georgia L. Hall, a college education if she so desires; and it is my wish that any special talent that she may show be developed; also to pay all bills and charges for medicine and medical and surgical attendance and services, and funeral and burial, and lettering suitable inscription for her on the family monument at the North Burial Ground, Providence, Rhode Island; and, if it be necessary, to draw upon the principal of said trust estate to make up any deficiency that may be occasioned by the expenses enumerated above.

"And I authorize and empower my said trustee to sell my real estate, either at public or private sale, if, in its judgment, it deems it for the best interests of the estate, at such price and upon such terms and conditions as to it shall seem best (and the purchaser or purchasers shall not be required to see to the application of the purchase price.)

"And I direct my said trustee to pay to said Georgia L. Hall such sums for pin money as to it shall seem fit and proper; and in case that she shall be in want or distress, I direct my said trustee to pay to the guardian of said Georgia L. Hall while she is under guardianship so much of said trust estate as may be needed to relieve said Georgia from said want or distress, and if she be not under guardianship, then to pay such sum or sums directly to her, the said Georgia L. Hall. And I further direct my said trustee to pay to Ruth Bebby, daughter of said Emma Bebby, the sum of five dollars quarterly, and the sum of five dollars at Christmas time of each year so long as said Georgia L. Hall shall live with her and they shall be companions, but not in any event beyond the time when said Ruth Bebby shall attain the age of eighteen years.

"And it is expressly provided that said trust estate and the net accumulations thereof shall be kept intact until said Georgia L. Hall's own estate is exhausted and shall

continue during her life, provided, however, that when she attains the age of twenty-one years, my said trustee shall pay and turn over to her one-fourth of said trust estate then remaining in its hands free and discharged from said trust, and shall pay her another one-fourth of said trust estate then remaining when she attains the age of thirty years, free and discharged from said trust. The other half of said estate shall remain and continue in trust as aforesaid during the life of said Georgia L. Hall."

Clauses seventh, eighth, ninth and tenth provide that upon the death of Georgia the trust should terminate; that whatever estate might then "be remaining in the hands of my then trustee" is to go to the children of Georgia L. Hall, then living, if any there should be, in equal shares, as their absolute property; and that if Georgia should die childless, to the sisters of the testatrix and other named beneficiaries, in various sums and proportions.

Clause eleventh provides for employment of counsel by executor and trustee.

It is agreed by all parties to this cause that the problems before us are to be solved by ascertaining the intention of the testatrix. This intention is to be ascertained from a consideration of the whole will without the aid of extrinsic evidence, unless a latent ambiguity exists. To ascertain this intention, it is well established that the testatrix's language should not only receive a sensible interpretation but should be interpreted with reference to the whole will, keeping in mind that the plan or scheme of the will and the objects which it seeks to attain are material factors in determining such intention. These fundamental rules of construction require no citation of authorities.

It may not be amiss at this time to observe that the will should be interpreted from the point of view of the testatrix as found therein, and not from the present point of view of

the beneficiary. Another observation of a preliminary nature is that when the testatrix provided in clause sixth that the trust estate should be kept intact "until said Georgia L. Hall's own estate is exhausted", she was not referring to any estate created under this will.

Our examination of the will before us discloses no latent ambiguity in connection with the matters submitted for our determination. In the circumstances, we are bound to ascertain the testatrix's intention solely from the will, without recourse to extrinsic evidence in ascertaining that intention. We will therefore disregard such evidence.

It is beyond question that the testatrix was primarily concerned with the comfort, happiness and future welfare of her granddaughter, Georgia. But while testatrix treated her with great liberality, nowhere in the will, except in the case of household furniture and furnishings, do we find her giving directly to Georgia any gift, as such.

A careful study of the will convinces us that this was not inadvertent, but that material care for the protection and security of Georgia was the dominant intention of the testatrix. Clauses fourth and sixth, which put her entire residuary estate in trust for Georgia, are by no means a mere wordy method adopted by the testatrix to devise directly to Georgia as an outright gift any part of the principal of the trust estate. If such had been her intention, it could and would ordinarily have been expressed in far simpler and direct language by a lawyer.

In our opinion, the testatrix clearly intended that the trustee should pay to Georgia two substantial sums from the trust estate, if and when she attained the ages of twenty-one and thirty years respectively; and further that they should give her every assistance possible within the express terms of the trust for her maintenance, support, education, medical care and other expenses, including "pin money".

The testatrix, just as clearly, did not intend to give Georgia such vested rights in the trust estate as might, through fortuitous circumstances, defeat the primary object she had expressed in the will.

The following excerpt from clause sixth bears repetition as its interpretation is of vital importance in this cause. "And it is expressly provided that said trust estate and the net accumulations thereof shall be kept intact until said Georgia L. Hall's own estate is exhausted and shall continue during her life, provided, however, that when she attains the age of twenty-one years, my said trustee shall pay and turn over to her one-fourth of said trust estate then remaining in its hands free and discharged from said trust, and shall pay her another one-fourth of said trust estate then remaining when she attains the age of thirty years, free and discharged from said trust. The other half of said estate shall remain and continue in trust as aforesaid during the life of said Georgia L. Hall."

The interpretation of this portion of clause sixth is not without difficulty, especially if considered alone. But when it is considered in the light of the testatrix's dominant intention, as found from a careful analysis of the plan, scheme and provisions of the whole will, the meaning of the language there used by the testatrix becomes clear to us. In our judgment she intended to create one trust, not a series of trusts, which, with the net accumulations, was to continue and be kept intact during the life of Georgia, subject to payments as directed in the will. She further intended that the trustee should make two fixed payments, equal in amount, from the trust estate to Georgia: The first, if and when she attained the age of twenty-one years; and the other, if and when she attained the age of thirty years.

What appears at first sight, if the proviso is treated without reference to the principal express clause, as a division of the trust estate into two quarters and one half when Georgia

became twenty-one years of age, is not a real division of the trust into shares. This method of expression was used by the testatrix as a means of computation to fix definitely the two sums, equal in amount, that the trustee should pay out of the trust estate to Georgia in her own right if and when she attained the ages of twenty-one and thirty years respectively. Georgia's twenty-first birthday was selected by the testatrix for the determination of these two amounts, and not for the purpose of actually dividing the trust estate into three shares, that is, two quarters and one half, to be separately administered. It is also significant that the words division, divide and shares are not used by the testatrix, nor are they at all necessary to give a reasonable and consistent interpretation to the whole plan or scheme of the will.

To illustrate our meaning let us assume that, after the payment of funeral expenses and other proper charges, the residue of the testatrix's estate subject to the trust "then remaining", that is, at the time that Georgia became twenty-one years of age, was $400,000. Applying the formula that the testatrix chose to adopt for determining the amount that the trustee was directed to pay to Georgia in her own right at that time, one-fourth of said trust estate "then remaining" would be $100,000. The testatrix further directed that the trustee "shall pay" to Georgia another one-fourth of said trust estate "then remaining", that is, on Georgia's twenty-first birthday, when she attained the age of thirty years. This one-fourth of the sum "then remaining" would also be $100,000. "The other half of said estate", according to the testatrix's formula, or $200,000, would continue and remain in trust during the life of Georgia.

If, under our assumption for the purpose of illustration, the testatrix knew that, when Georgia attained the age of twenty-one years, her residuary estate in trust would amount to $400,000, she probably would have directed her trustee to pay Georgia $100,000 out of the trust estate at that time, another $100,000 if and when she attained the age of thirty

years, in unequivocal language, without resort to any method for computing those amounts, which she clearly intended were to be the same. It is obvious that the testatrix had recourse to the method that she employed to compute those amounts because she did not know what her residuary estate in trust would amount to when Georgia became twenty-one years of age.

We are of the opinion that our construction of that portion of clause sixth under consideration is supported by the language there used by the testatrix and best executes her dominant intention, namely, the care, maintenance and protection of Georgia during her life against possible untoward conditions arising through chance, misfortune, or other causes. It is clear to us that, in addition to all other monies that the trustee could pay to Georgia or for her benefit under other provisions in the will in furtherance of testatrix's dominant intent, the testatrix intended to have the trustee pay Georgia in her own right two equal sums of money if and when she attained the ages of twenty-one and thirty years respectively, which said sum, in each instance, was to equal in amount one quarter of the trust estate as it existed on Georgia's twenty-first birthday.

Georgia is now over twenty-one years old. All parties agree that in this situation the trustee should pay her at this time a sum equal in amount to one quarter of the trust estate, as valued when she became twenty-one years of age. The parties, however, are in serious disagreement on the following points: First, as to the legal nature of the sum that the trustee is directed to pay Georgia if and when she attains the age of thirty years; and second, as to the allocation of the net income from that sum and from the sum which is to be held in trust during the life of Georgia. We will determine these questions in the order stated.

Georgia contends that because the testatrix left her residuary estate in trust "for the benefit of my grand-daughter,

Georgia L. Hall", the said trust was to be divided into shares when Georgia became twenty-one years of age, at which time she was entitled to receive payment of the first one-quarter share, and had a vested interest in the other one-quarter share, though it was not payable until she was thirty years of age.

We cannot agree with such contention. It is based upon an assumption that, in our opinion, is not warranted when, upon consideration of the will as a whole in all its aspects, it is determined that the testatrix's dominant intention was not to give Georgia maximum outright gifts, but to care for and protect Georgia against want and distress during her entire life. The phrase "for the benefit of my grand-daughter, Georgia L. Hall", upon which Georgia so strongly relies, is not to be treated as standing alone in disregard of all other provisions of the will. The intention of the testatrix, as disclosed by the plan or scheme of the will and its interrelated provisions, is controlling in ascertaining the meaning that the testatrix intended to give to the above phrase. In our judgment, the testatrix did not intend immediately to vest in interest in Georgia, when twenty-one years old, the money that was then fixed as to amount but which the trustee was directed to pay to her when she reached the age of thirty years. The payment by the trustee of that money is contingent upon her attaining that age and does not become vested in her until her thirtieth birthday. By express provision in the will, this payment was not to be made "free and discharged of said trust" until Georgia had attained the age of thirty years.

We are not unmindful that the law generally favors the vesting of estates or interests, but such rule is not applicable, in our opinion, where a contrary intention is expressed in the will. The testatrix in the instant cause intended to treat Georgia L. Hall with great liberality so that she might, at stated periods in her life, have sufficient funds in her own

right to exercise her independent judgment in the use that she wished to make of those funds. To this end, the testatrix directed her trustee to pay Georgia, when she reached the age of twenty-one, a sum of money equivalent to one quarter of the trust estate at that time. Georgia could do what she pleased with that money, a fact which was undoubtedly in the testatrix's mind when she made her will. If youthful impulses, mismanagement or other causes resulted in a diminution or loss of such money, Georgia was nevertheless protected from want or distress by the other very liberal and numerous provisions of the will in her favor until she reached the age of thirty years. At that time, the trustee is directed to pay Georgia another sum of money, equal to that which she received at twenty-one. This latter payment to Georgia, to be made when she attains the age of thirty years, was postponed by the testatrix in furtherance of her intention more adequately to protect and secure Georgia, for, at that age, the testatrix could well assume that Georgia could deal with that sum with greater care and judgment.

In respect to the income from the trust estate, Georgia L. Hall contends that, after deducting the sum of money which was payable to her when she became twenty-one years of age, she is entitled to all the net income from the whole trust estate during her life; or, in the alternative, that she is at least entitled to the net income from the sum of money that is payable to her when she attains the age of thirty years. This contention is based upon the same assumption with reference to the phrase from clauses fourth and sixth that we quoted and discussed in connection with her contention that she had a vested interest in the second payment which she was to receive when thirty years old. Here again the assumption disregards all other provisions of the will and, in our opinion, is at variance with the clearly expressed intention of the testatrix.

The excerpt from clause sixth, which we specially quoted earlier in this opinion, in which the trustee is directed to

make the two payments to Georgia that we have already considered, begins as follows: "And it is expressly provided that said trust estate and the net accumulations thereof shall be kept intact until said Georgia L. Hall's own estate is exhausted and shall continue during her life . . . ." The ordinary meaning of this language is just what it says, namely, that, subject to the payments that the trustee is thereafter directed to make to Georgia in the provisos which follow, the "trust estate *and* the net accumulations thereof . . . shall continue during her life." (italics ours)

The word income is used in the will solely with reference to the powers and duties of the trustee in connection with the expenses, requests and demands of Georgia under other provisions of the will, by which the testatrix intended to provide in a most liberal manner for Georgia's education, maintenance, care, happiness and future welfare. To this end, the trustee was empowered by the testatrix to use, with reasonable liberality, any part or all of the income of the trust estate and, if necessary, to invade the principal to carry out her intention and purposes. But, attention is called to the fact that nowhere in the will does the testatrix make any gift of or give direction to pay income, as such, to Georgia.

We concede that if Georgia, at the age of twenty-one, had a vested interest in the money which the trustee is directed to pay to her on attaining the age of thirty years, she ordinarily would have been entitled to the net income from that sum until such sum was paid. However, we have come to a contrary conclusion and hold that her interest in that money is contingent and not vested.

In view of what we have said on the question of income, we are of the opinion that the net income of the whole trust estate is subject to be used, liberally but yet reasonably, for the education, maintenance, support, care, welfare and personal happiness of Georgia; that Georgia is not otherwise

entitled, as of right, to any of the net income from the trust estate, whether such income is derived from the deferred payment which the trustee is directed to make if and when she reaches the age of thirty years, from any other portion of the trust estate; and that any and all net income, and the accumulations thereof, belong to and form a part of the trust estate.

In construing this will, it has been possible for us to determine the testatrix's dominant intention from the will itself, without resort to the evidence in the cause. If resort to such evidence had been necessary, we think that it would confirm the views and conclusions that we have expressed in this opinion. Upon the loss of both parents in 1918, when she was about two years old, Georgia lived with and was cared for by the testatrix, until the death of the latter in 1930. Throughout these years the testatrix always showed great affection for Georgia, who was her only living grandchild. The concern of the testatrix for the comfort, security, personal happiness and future welfare of Georgia and her family, if she married, is evidenced by the general plan of the will and the numerous provisions therein made by the testatrix to assure herself that neither Georgia nor her family, if any, would be in want or distress. At the termination of the trust, the testatrix devised the entire trust estate then remaining to the children, if any, of Georgia.

We do not deem it advisable to decide or even to discuss in this cause Georgia's contention that she is entitled to have not only her own support and maintenance paid for by the trustee out of the net income, and if needed, out of the principal of the trust estate, but also the support and maintenance of her husband and any child or children whom she may have. No necessity or special reason for deciding any question raised by this contention appears to exist at the present time and may never exist.

To discuss the authorities cited by the parties before us and indicate wherein those authorities differ from the in-

stant cause would unnecessarily lengthen this opinion. Our examination of the cited cases shows that the facts in those cases are so dissimilar that they furnish no assistance to us in the problems presented by the cause at bar.

We believe that our conclusions and the reasons therefor as expressed in this opinion answer substantially all of the questions raised by the complainant, excepting the one that we excluded from consideration.

The parties may, on March 12, 1941, present to this court, for our approval, a form of decree to be entered in the superior court.

Moss, J., dissenting in part. I concur in the opinion of the court, except in its treatment of the second one-fourth of the trust estate. The testatrix, in one paragraph of the sixth clause of the will, directed the trustee, in detail, to make certain payments from the trust estate, nearly all for the benefit of Georgia L. Hall. Then, in the next paragraph, she directed "that said trust estate and the net accumulations thereof", after the exhaustion of Georgia L. Hall's own estate, "shall continue during her life, provided, however . . . ."

Considering the language of the former of these two paragraphs and the above-quoted language of the latter of them, it seems clear to me that the testatrix intended that, except as expressly modified by the proviso in the latter paragraph, the entire trust estate, as it should be constituted from time to time, from the date of the exhaustion of Georgia's own estate until her death, should be subject to the same trust, namely, that the trustee should make, from the net income of the trust estate and, so far as necessary, from the principal thereof, the payments and only the payments directed in the former of these two paragraphs, and should accumulate and add to the principal of the trust estate any of its net income not thus paid out.

The question then is what did the testatrix mean by the language of the proviso, wherein she directed that when Georgia should attain the age of twenty-one years, "my said trustee shall pay and turn over to her one-fourth of said trust estate *then remaining* in its hands free and discharged from said trust, and shall pay her another one-fourth of said trust estate *then remaining* when she attains the age of thirty years, free and discharged from said trust". (italics mine)

To my mind the most natural and reasonable conclusion from this language is that the two expressions "then remaining", which I have above italicized, should be construed as referring to the same date, namely, when Georgia should become twenty-one years old. As the majority of the court have reached this same conclusion, I need not discuss the grounds therefor.

They, however, interpret the language of the proviso as fixing the *value* of the second one-fourth of the trust estate at a certain sum of money at the date of the attainment of her majority by Georgia, and as directing the trustee to pay *that sum* to Georgia from the trust estate, if and when she shall attain the age of thirty years. In my judgment that interpretation is not correct.

It seems clear to me that the testatrix intended, by the language used, to provide that if and when Georgia should become twenty-one years old, the trust estate, as then constituted, should become composed of three undivided parts, namely, two one-fourth parts and a one-half part; that then one of these one-fourth parts should be *divided* out from the other parts and transferred to Georgia free and discharged from the trust.

It also seems clear to me that she intended to provide that the rest of the trust estate, composed of the other two parts, *undivided*, should continue subject to the same trust as the whole trust estate had before been subject to, and without

any discrimination between the undivided parts, until Georgia should either become thirty years old or should die before attaining that age; that if and when the former of these two events should occur, the trustee should, for the first time, *divide out* from the rest of the trust estate, *as then existing,* the second one-fourth, which would then be one-third of the trust estate as then constituted; and that the trustee should then transfer that second one-fourth, as then, for the first time, divided out from the trust estate, to Georgia, "free and discharged from said trust."

This language just quoted shows clearly, to my mind, that the testatrix intended that during the interval between Georgia's attainment of the age of twenty-one years and her attainment of the age of thirty years, or her death, whichever of these events should first occur, the second one-fourth should, as an undivided part of the trust estate, remain subject to the same trust, with regard to payments to be made for the benefit of Georgia and the accumulation of unpaid net income, as the undivided one-half part, of the trust estate, without any discrimination between these two parts.

CONDON, J., dissenting. It seems clear to me from a reading of the sixth clause in its entirety, even without the aid of the evidence *dehors* the will, that Georgia L. Hall received an absolute gift of two quarters of the trust estate, *then remaining,* when she reached the age of twenty-one. As to the first quarter there is and, of course, there can be no question as to the absolute character of the gift. However, the majority of the court holds that the second quarter does not vest in Georgia until she reaches the age of thirty. I cannot agree with that conclusion.

I find no language in the sixth clause, or even in any other clause of the will, which necessarily implies that the testatrix intended to postpone the *vesting* of the second quarter until the time arrived for *paying* it to Georgia. Cer-

tainly the language of the sixth clause directing the trustee to *pay* her the second quarter "when she attained the age of thirty years" does not raise such an implication. But even if it could be said that such language raised a doubt as to the intention of the testatrix, that would not prevent the vesting of this second quarter in Georgia. According to the great weight of the decisions of this court "our law favors the vesting of estates unless a testator has *expressed* a contrary intention in the will; and if his intention be doubtful a legacy will if possible be held to be vested rather than contingent." (italics mine) *Rhode Island Hospital Trust Co.* v. *Shaw,* 50 R. I. 78, 81. The majority disregards this doctrine and finds an implied contrary intention of the testatrix from a consideration of the whole will.

The next question is: Is Georgia entitled to the current income from the second quarter as it accrues? It is clear that the testatrix has expressly postponed the payment of the second quarter until Georgia reaches the age of thirty, but nowhere in the sixth clause has the testatrix in like language expressly postponed the payment of the income therefrom; nor has she used any language with reference to such specific income which necessarily implies that its payment was to be postponed.

In this state it is settled that income arising from a vested interest, even though the full enjoyment of such interest may be postponed, is payable to the vested remainderman as such income accrues. *New England Trust Co. of Boston* v. *Brown,* 44 R. I. 87. And very recently we said that "ordinarily a construction which requires income to be accumulated and added to principal or held will not be given to a will, and that in the absence of language indicating such an intent on the part of a testator none usually will be inferred." *Rhode Island Hospital Trust Co.* v. *Swan Point Cemetery,* 62 R. I. 83, 99. This being so, the income in question here is payable to Georgia as it accrues.

It is not so clear from the sixth clause alone that the testatrix intended that the income from the other half of her trust estate should be paid over in like manner, but from a fair reading of the whole will, and especially the trust provisions, which are solely for the benefit of Georgia, I am nevertheless of the opinion that such income should be so paid, subject, however, to any deductions made therefrom for the maintenance, education and support of Georgia L. Hall in accordance with the terms of the will. It seems plain to me from the general plan of the will that the dominant and overriding intent of the testatrix was the welfare of her granddaughter, Georgia L. Hall. She evidently wanted Georgia to have the benefit of all her property and she gave her one half thereof outright. But because she was anxiously concerned about the future welfare of Georgia and desired to make certain, so far as it was humanly possible to do so, that Georgia would always be assured of an income, regardless of what might happen to the half of her estate which she had given to her outright, the testatrix provided that the other half of her estate should continue in trust throughout the life of Georgia L. Hall.

It is fair to say that were it not for this anxiety of the testatrix for the future welfare of Georgia, she would have given the entire estate to her outright. Nowhere in the will is there the slightest indication that the testatrix was interested in accumulating the income of the other half of the trust estate for the benefit of possible issue of Georgia or the other contingent beneficiaries named in the will. But the reasonably probable result of a construction of the will which deprives Georgia of this income will be to accumulate a substantial estate, perhaps far in excess of what Georgia will receive, for the benefit of persons for whom the testatrix expressed no special interest or concern. Therefore, such a construction should be avoided, and one should be adopted that will promote the intention of the testatrix rather than one which tends to nullify such intention.

On the other hand, a construction which limits the accumulation of net income to the period prior to Georgia reaching the age of twenty-one, and which holds that thereafter such net income shall be paid to her as it accrues, is more consonant with the intention of the testatrix and should, therefore, be adopted. Its adoption will assure to Georgia the greatest possible benefit from the "other half" of the estate of the testatrix which she expressly placed "IN TRUST, for the benefit of my said grand-daughter, Georgia L. Hall."

In my opinion, therefore, the trustee should be instructed to segregate the second quarter from the "other half" of the trust estate and pay the income from said quarter, as it accrues, to Georgia L. Hall. Such quarter should stand by itself and not be entitled to any contribution from the "other half" in the event of any diminution of such quarter from any cause. The "other half" should be subject to the payment of any sums expended by the trustee for the education, maintenance and support, *etc.*, of Georgia L. Hall, the current income therefrom being first applied to this purpose before resorting to the principal. Any net income thereafter remaining in the hands of the trustee should be then paid to Georgia L. Hall.

*Huddy & Moulton, Corcoran & Mangan, Stanley H. Smith, Jr.,* for complainant.

*Woolley, Blais & Quinn,* for Georgia L. Hall.

*Hinckley, Allen, Tillinghast & Wheeler, Chauncey E. Wheeler, Isadore Paisner,* for certain respondents.

*Francis R. Foley,* Guardian *Ad Litem.*