INDUSTRIAL NATIONAL BANK *et al. Ex'rs. vs.*
STEPHEN SEFSICK *et al.*

JANUARY 4, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a bill in equity brought by Industrial National Bank of Providence and Sophia C. Sefsick of Barrington, as co-executors under the will of Wallace A. Sefsick of Barrington, for the construction of and instructions relative to the said will.

It appears from the record that all interested parties have been joined as parties respondent. Subpoenas were issued to the Industrial National Bank of Providence as co-trustee under the said will; to Stephen Sefsick as co-trustee and individually as a brother of the testator; and to Lillian H.

Sefsick individually as a sister of the testator. The guardian of the estate of decedent's minor daughter has been made a party respondent and a guardian ad litem has been appointed by the superior court to protect the daughter's interests under the will. Persons not in being, not ascertained, or in the armed forces are represented by a guardian ad litem likewise duly appointed.

The record further discloses that a hearing was held in superior court on May 24, 1960 and that testimony was given by the widow, Sophia C. Sefsick, and Ralph Fletcher, a trust officer of the Industrial National Bank. A copy of the will and other exhibits were made a part of the record. The cause was then certified to this court pursuant to G. L. 1956, §9-24-28. The decree of certification contains the following questions:

"(1) What is a proper construction of paragraph entitled 'Third' of the Last Will and Testament of the deceased?

"(2) Does the bequest to Sophia C. Sefsick, wife of the testator, set forth in paragraph Third of the testator's will, include all automobiles (new and used), automobile parts, equipment, furniture and all tangible personal property owned by the deceased at the time of his death in the individually owned proprietorship operated by him under the trade name of 'Wallace Motors?'

"(3) Shall the Industrial National Bank of Providence and Sophia C. Sefsick, as Co-Executors of the Last Will and Testament of the testator, turn over to Sophia C. Sefsick, individually, all tangible personal property owned by the testator at the time of his death in connection with the proprietorship owned by him under the trade name of 'Wallace Motors', or, in lieu thereof, the proceeds derived from the sale of same?

"(4) What tangible personal property owned by the testator at the time of his death in connection with the proprietorship operated by him under the trade name of 'Wallace Motors' passed to Industrial National Bank and Stephen Sefsick as Co-Trustees under clause

Seventh of the Last Will and Testament of the testator?"

Although four questions are raised, the single issue is whether or not there is a conflict between clauses Third and Seventh of the will of Wallace A. Sefsick. We include here clause Third and the pertinent portions of clause Seventh.

"Third: My household furniture, furnishings and the contents of my home, in general, my jewelry, automobile and all tangible personal property that I may own at the time of my death, I give and bequeath to my beloved wife, Sophia C. Sefsick, if living at the time of my death.

"Should she predecease me, then I give and bequeath the furniture, and the articles just enumerated, to my child, June M. Sefsick."

"Seventh: I give, devise and bequeath all the rest, residue and remainder of my property and estate, real and personal, of every kind and description, wherever located, of which I shall die seized or possessed, including any and all property over which I may have a power of appointment or right of disposition (hereinafter sometimes referred to as my 'Trust Estate'), to Industrial National Bank, a trust company organized under the laws of the State of Rhode Island with its principal office in the City of Providence in said State, its successors and assigns, and Stephen Sefsick of Johnston, Rhode Island (hereinafter referred to as my 'Trustees') to be held by them In Special Trust, nevertheless, for the following uses and purposes, with the privileges hereinafter set forth and subject to the duties and obligations hereinafter specified:—

"1. My said Trustees shall recover and collect the interest, dividends * * * and after paying all taxes * * * pay over and distribute the capital or principal in the following manner:—

"A. From the income, I direct my Trustees to pay to my wife, the said Sophia C. Sefsick, until my daughter, June M. Sefsick reaches the age of 25 years, the sum of One Hundred Dollars per week, said payment to be made weekly, if practicable.

"B. From the income, I direct my Trustees to pay to my daughter, June M. Sefsick, from the time she

reaches the age of 21 years until she reaches the age of 25 years, the sum of Two Hundred Dollars a month.

"C. If the income is insufficient to defray the payments of the just mentioned amounts to my wife and my daughter, then my said Trustees shall, from time to time, make distribution to my wife and my daughter from the capital of the trust.

"D. When my daughter June M. Sefsick reaches the age of 25 years, the Trust shall terminate and thereupon the Trust Estate, with accumulated income, shall be paid over and distributed in equal shares to my wife, Sophia C. Sefsick and my daughter, June M. Sefsick.

"E. My said Trustees shall have full and absolute power and authority, whenever they deem it advisable to do so, to sell, assign, transfer, lease, pledge or otherwise dispose of the whole or any part of the assets constituting the principal of the Residuary Trust under such terms, conditions and stipulations as they shall seem proper and fitting. I hereby direct my Trustees to liquidate the business maintained by me during my lifetime known as Wallace Motors as soon as may be practicable after my death. * * *"

The respondent Sophia C. Sefsick, in her capacity as legatee under clause Third, contends that her deceased husband's intention, by directing that she receive "my automobile and all tangible personal property that I may own at the time of my death," was that she receive all the automobiles, equipment and other tangible personal property of his automobile business. She also contends that the co-trustees are given the power to sell only the intangible personal property of the business.

The co-trustees, on the other hand, contend that the trust specifically directs them to liquidate the business of Wallace Motors and that it was the testator's intention that they do so in its entirety, not simply the accounts receivable. They also raise the doctrine of ejusdem generis, contending that the bequest set forth in clause Third is limited to gifts of a similar nature.

This court, in *Redding* v. *Rhode Island Hospital Trust Co.*, 67 R. I. 41, at page 47, held that "the intention of the testator when ascertained is all controlling, and must be deduced from what is actually expressed in the whole will and from implications necessarily following from the language therein employed. When such intention is thus definitely ascertained it is all controlling. Conjecture or speculation is not permitted."

Applying this rule to the case at bar, we are of the opinion that the deceased clearly intended the entire business of Wallace Motors, both as to tangible and intangible personal property, to be disposed of by the trustees and that the proceeds from the sale thereof be applied to the use and purpose intended by the trust.

After making several specific bequests, clause Third being among them, the testator then, in great detail, set out to establish a trust for the benefit of his wife and daughter. His directions to the trustees are clear and concise. His obvious concern for his family is manifest by paragraphs A, B, C, and D of clause Seventh, wherein he directs the manner in which the income is to be distributed.

Although the testator-settlor provided, in paragraph C of clause Seventh, that the capital of the trust could be diminished, if necessary, to meet the weekly and monthly payments, it is not likely that he intended this to be the rule rather than the exception. The sums to be distributed, weekly to the wife and monthly to the daughter when of age, are large sums and were designed to be paid over a considerable period of time. We think it must be conceded that the trust was a dominant thought in the testator's mind. He could have no way of knowing how his estate would stand at the time of his death. The thoroughness of the trust instrument seems to indicate that he hoped to provide a corpus realistic to the terms thereof and intended to include therein the greater portion of his estate.

Can it be said that when the testator directed the trustees to "liquidate the business maintained by me during my lifetime" he meant only the intangible assets of Wallace Motors? To answer in the affirmative would be to say that he did not consider the tangible assets, the automobiles, automotive equipment, etc., as a part of the automobile business even while he was alive. It is not without significance that the testator provided for the liquidation of his business by the trustees rather than by the executors. Although the Industrial National Bank is both a co-executor and a co-trustee, the remaining co-executor and co-trustee are different persons, the former being his wife, the latter his brother. The significance is to be found in that his brother, we are informed, was the manager of Wallace Motors during the testator's lifetime.

It is apparent, therefore, that the testator, in his own mind, had separated the disposition and use of his business from the rest of his estate. Appointing the manager of that business as a trustee, empowered to liquidate it, suggests that he intended the proceeds of the sale thereof to be applied to the trust corpus. In *Industrial Trust Co.* v. *Hall,* 66 R. I. 201, at page 205, this court said, "To ascertain this intention, it is well established that the testatrix's language should not only receive a sensible interpretation but should be interpreted with reference to the whole will, keeping in mind that the plan or scheme of the will and the objects which it seeks to attain are material factors in determining such intention."

The respondent Sophia C. Sefsick contends that there are sufficient funds available to meet the purposes of the trust without including therein the proceeds from the sale of the tangible assets of Wallace Motors and she argues that this is at least some indication of his intention. It is quite conceivable that if the testator could have executed his will in the light of the successful state of affairs of his estate at the time of his death he would have done so in accordance

with all of his widow's contentions, but this can no more affect his intention at the time he actually executed the will than could his dying insolvent.

Strong argument is raised by the widow based on the tax inequities which will result if the disputed property passes to the trust, the absence in the will of a provision for the marital deduction being the core of that argument. She contends that under the law the testator is presumed to have been familiar with federal estate tax laws and, therefore, could not have intended his estate to be taxed more than was necessary. The notable absence, however, of a provision for the marital deduction could just as easily suggest that he, presuming he knew these laws, elected to have his estate suffer the tax to the benefit of the trust. Since, as we have previously observed, he could not know what the extent of his estate would be at the time the will would speak, the converse of respondent's argument is as sound as that for which she is contending.

Applying the doctrine of ejusdem generis serves to enhance the view we have taken. That doctrine is that "where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." This maxim is an illustration of the broader maxim, noscitur a sociis: "The meaning of a word is or may be known from the accompanying words. * * * The doctrine means that general and specific words are associated with and take color from each other, restricting general words to sense analogous to less general." Black, Law Dictionary (4th ed.), pp. 608 and 1209.

It is apparent, therefore, that the words "My household furniture, furnishings and the contents of my home, in general, my jewelry, automobile and all tangible personal property that I may own at the time of my death" must be con-

strued in a limited sense. We find no merit in the respondent widow's contention that the testator's lack of ownership of a personal automobile at the time of his death, or at the time he executed the will, if such were the case, can be viewed as being demonstrative of his intention to bequeath to her all the automobiles of his business. We do, however, find merit in the trustees' counter argument that the testator's intention in clause Third was to bequeath to his wife articles of a personal nature only. If the testator intended to give her, among the other tangible assets of his business, a substantial number of motor vehicles, it is not likely that he would have expressly designated a single automobile.

The respondent widow argues that the phrase "all tangible personal property" was not intended as a catchall phrase to include only objects of a like nature as set forth by the categories which precede it. On the contrary, we think that the sense of that phrase must be deduced from the context of the whole clause. Those words, then, must take their color from the words that precede them and must be viewed as being limited to property of a similar nature. Such property would be that generally associated with family and home.

On January 11, 1961, the parties may present to this court for approval a form of decree in accordance with this opinion, to be entered in the superior court.

*William E. McCabe,* for complainants.

*DelSesto, Nutini & Palombo, Albert A. Nutini,* for respondents Stephen Sefsick and Lillian H. Sefsick.

*DelSesto, Nutini & Palombo, Albert A. Nutini,* for respondent trustees.

*John T. Walsh,* for respondent Sophia C. Sefsick.

*Albert J. Hoban,* Guardian ad litem of June M. Sefsick.

*Francis A. Manzi,* Guardian ad litem of persons not in being, et al.